**UNITED STATES of America,**

v.

**Rogelio BLACKMAN, Defendant.**

**No. 91 CR 21.**

United States District Court,
E.D. New York.

April 10, 1997.

Zachary W. Carter, United States Attorney (Cyril Hyman, Assistant United States Attorney, of counsel), Brooklyn, for U.S.

Rogelio Blackman, Ray Brook, pro se.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Defendant Rogelio Blackman was found guilty on March 23, 1992 of (1) conspiracy to distribute in excess of five kilograms of cocaine, (2) 5 counts of possession with intent to distribute and distribution of cocaine, (3) three counts of using or carrying a firearm in relation to a drug trafficking crime, and (4) finally being a felon in possession of a firearm.

The court sentenced Blackman as follows: twenty years on the conspiracy count, five years on each of the substantive narcotics counts, all to run concurrently with the sentence on the conspiracy count, five years on the three combined counts charging the using or carrying of a firearm in relation to a drug crime, to run consecutively to the concurrent terms imposed on the narcotics crimes, and ten years on the charge of being a felon in possession of a firearm to run concurrently with the sentence on the conspiracy count.

Blackman has moved to vacate the judgment of conviction on three counts charging the using or carrying of a firearm in relation to a drug crime in violation of 18 U.S.C. § 924(c). Citing *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

The court's charge with respect to those three counts reads as follows: "In order for the government to sustain its burden of proof that the defendant used or carried a firearm, it need not prove that the weapon was fired. Nor must the government prove that the defendant actually carried the firearm on his person. It is sufficient if you find that he transported or conveyed the weapon or had possession of it in the sense that at a given time he had both the power and the intention to exercise dominion and control over it."

Under *Bailey* this instruction was flawed with respect to "using" a firearm. Neverthe-

less the error was harmless because the language properly described "carrying," and the evidence was ample to support a finding of carrying. *See United States v. Pimentel,* 83 F.3d 55, 60 (2d Cir.1996) and *United States v. Giraldo,* 80 F.3d 667, 678 (2d Cir.1996).

Eduardo Enrique Evans, an accomplice witness, testified that he worked for Blackman assisting him in his cocaine transactions. Evans would let into the building people who came to conduct cocaine drug transactions with Blackman. Evans would meet those people with a gun in his hand. Blackman gave him the gun saying it was good for people to see him with a revolver. When Blackman opened the door to the apartment he would sometimes have a gun himself as he met the customer.

When the customer came into the apartment and sat with Blackman at a table Blackman would sometimes have a gun which he kept with him or put it on the windowsill. During most of his meetings with customers Blackman had a gun with him.

Another witness, Enrique Coppin, testified to meeting Blackman for drug transactions. He described how Blackman opened the door of the apartment with an automatic weapon on his right hand side. When Coppin later came to the apartment to pick up the half kilo of cocaine he was met by Evans with a gun in his hand. When Coppin then sat with Blackman to conduct the transaction Blackman had an automatic weapon in his hand. He rested it on the table briefly and then put it on the windowsill nearby.

The evidence clearly was sufficient to show that Blackman carried the weapon. There was no likelihood that the jury returned its guilty verdict on the basis of acts that did not constitute a violation of 18 U.S.C. § 924(c)(1).

There is no basis for defendant's attack on the conviction under 18 U.S.C. § 922(g)(1), making it a crime for a felon to be in possession of a firearm.

The motion is denied. So ordered.